UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL V. LANE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 1:19-cv-01633-JPH-DLP |
| DUSHAN ZATECKY, | ) ) ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petitioner filed a writ of habeas corpus challenging a prison disciplinary proceeding, ISR 18-08-0032. Before the Court is the respondent's motion to dismiss. Because the petitioner fails to show he is in custody with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanctions cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in order to be considered "in custody" for purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, a prison disciplinary official is "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

1

In a disciplinary proceeding identified as ISR 18-08-0032, the petitioner was found guilty of using or possessing a cellular telephone or other wireless or cellular communications device. The disciplinary hearing officer imposed a suspended loss of 180 days' good-time credit and a suspended demotion in credit class. After six months, suspended sanctions can no longer be imposed. None of the suspended sanctions were subsequently enforced. Indiana Department of Correction Disciplinary Code for Adult Offenders, § IX.E.3(d)(1); Indiana Code 11-8-2-5(a)(8).

The respondent has moved to dismiss this action on the ground that the petitioner is not "in custody" due to the challenged disciplinary proceeding. The petitioner, in his response, does not dispute that the suspended sanctions were not imposed. Dkt. 13. Rather, the petitioner reasserts the claims he made in his original petition for writ of habeas corpus. *Id.*

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Because six months have passed and the suspended sanctions have not been imposed on the petitioner, this habeas action, even if the petitioner is successful, cannot affect the duration of the petitioner's custody. The petitioner is therefore not "in custody," and this action is moot. *See Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Accordingly, the respondent's motion to dismiss, dkt. [9], is **granted**. The petition for writ of habeas corpus is dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/6/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL V. LANE
874279
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov